UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE CO. GROUP, L.L.C. | CIVIL ACTION NO. 11-1673 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| LOGANSPORT GAMING, L.L.C., LOGANSPORT TRUCKSTOP, L.L.C. and SABINE RIVER RESTAURANT | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

The Plaintiff, Scottsdale Insurance Company ("Scottsdale"), filed this declaratory judgment action to have the Court delineate the rights and responsibilities of the parties with respect to Policy No. CPS1236924 (the "Policy") issued by Scottsdale to the Defendants, Logansport Gaming, L.L.C., Logansport Truckstop, L.L.C., and Sabine River Restaurant (collectively "Logansport"). Scottsdale urges the Court ultimately to find that it is entitled to a declaration of no coverage, contending that Logansport did not maintain a fire suppression system in complete working order as required by the Policy. Currently before the Court is Scottsdale's motion for partial dismissal of Logansport's claims for statutory penalties, and alternatively, motion for partial summary judgment regarding the claims for statutory penalties. [Record Document 19]. Based on the undisputed facts, the language of the Policy, and Logansport's failure to establish the elements

essential to a claim for bad faith penalties, Scottsdale's motion [Record Document 19] shall be **GRANTED**. In accordance with this ruling, Logansport's claims for statutory penalties are **DISMISSED WITH PREJUDICE**.

## FACTUAL BACKGROUND

The facts in this case are largely undisputed. The Policy issued by Scottsdale to Logansport was for commercial general liability and property insurance, insuring property located at 2200 Main Street in Logansport, Louisiana.[1] The Policy contains a Protective Safeguards Endorsement, which sets forth in pertinent part:

### PROTECTIVE SAFEGUARDS

A.  The following is added to the Commercial Property Conditions

   **PROTECTIVE SAFEGUARDS**

   1.  As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above [Fire Extinguishers and Ansul System].

   2.  The protective safeguards to which this endorsement applies are identified by the following symbols:
       . . .
       "P-9" The protective system described in the Schedule [Fire Extinguishers and Ansul System].

B.  The following is added to the EXCLUSIONS section of the Causes of Loss- Special Form:

---

[1] Evidently, this property contains a truck stop, convenience store, and restaurant.

> We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:
>
> 1. Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or
>
> 2. Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.

Record Document 1-2, pp. 6-7.

The fire suppression system lies at the heart of this case. Logansport had a fire suppression system located in the vent hood above the stove in the restaurant kitchen. On January 31, 2011, a fire occurred at Logansport's property, and it submitted a claim to Scottsdale that same day.[2] The parties agree that at the time of the fire, the fire suppression system did not activate. Logansport concedes that it was required to maintain the system and have it inspected periodically.

Scottsdale hired an independent adjustor, James Vanderlick ("Vanderlick") of Cunningham Lindsey, Inc., to conduct a preliminary investigation. Vanderlick commenced his investigation on February 1, 2011, the day after the fire. On April 1, 2011, Scottsdale informed Logansport that it reserved the right to deny coverage based on the failure to provide an Ansul fire suppression system as required by the Policy. On April 29, 2011, Scottsdale sent Logansport a letter stating that it

---

[2] There is no dispute that the fire occurred during a time covered by the Policy.

questioned the impact of the Protective Safeguards Endorsement on Logansport's claim. On July 14, 2011, Scottsdale took the depositions of Leon Miletello ("Militello"), Logansport's owner, and Casey Stewart ("Stewart"), a Logansport employee. Militello testified that Ark-La-Tex Fire Systems was hired to conduct periodic inspections and perform maintenance on the fire suppression system. According to Militello, Ark-La-Tex Fire Systems inspected the unit in August of 2010 and left the unit in working order. Ark-La-Tex Fire Systems was scheduled to return in February of 2011 for another inspection. Stewart testified at her deposition that Logansport owned the fire suppression system, rather than leasing it from Ark-La-Tex Fire Systems. Scottsdale then hired Scott Howell of Rimkus Consulting Group, Inc. to "determine if the hood and duct fire suppression system had been maintained in such a condition that it should have operated." Record Document 19-5, p. 1. Rimkus's report, dated July 27, 2011, concluded that the fire suppression system did not activate and that even if it had, it would not have been effective in suppressing the fire, as at least two nozzles were missing from the system at the time of the fire. See id.

Scottsdale filed the instant suit on September 15, 2011, seeking a declaration that the Policy does not provide coverage for the damages occasioned by the January 31, 2011 fire. Logansport filed a counter-claim asserting that Scottsdale is

liable for statutory penalties, pursuant to Louisiana Revised Statutes 22:1892[3] and 22:1973. In so doing, it argues that Scottsdale has acted arbitrarily and capriciously in failing to pay Logansport's claim. The instant motion, filed by Scottsdale, focuses solely on the availability of statutory penalties.

## LAW AND ANALYSIS

I.   Federal Rule of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) demands that the plaintiff "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1940. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. The court must construe the complaint in the light most favorable to the plaintiff, see In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all of the well-pleaded factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. See Bell Atlantic Corp.

---

[3] In its initial counter-claim, Logansport erroneously cited to the old sections of the pertinent law. Those statutes were renumbered in 2008. In its amended counter-claim and its opposition to the instant motion, Logansport correctly cites to La. R.S. § 22:1973, but repeatedly incorrectly references La. R.S. § 22:1893, which is clearly inapplicable to the facts of this case. Revised Statute 22:1892 is the relevant statute in the case at bar.

v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678,129 S. Ct. at 1949 (internal citation omitted). Thus, the Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005).

"Generally, in deciding a motion to dismiss for failure to state a claim, if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." In re Katrina Canal Breaches Litig., 495 F.3d at 205 (internal marks omitted). In this case, the Court has considered the Policy itself, which was attached to the complaint, and also has reviewed the depositions of Militello and Stewart, correspondence between the parties, and reports and photographs produced from the fire investigation. Thus, the issue before the Court will be resolved on a summary judgment standard.

II.  Motion for Summary Judgment.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. at 2552. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075, Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant. See Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005). A genuine issue of material fact exists when the "evidence is such

that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

III.  <u>Statutory Penalties</u>

In its counter-claim, Logansport alleges that it is entitled to statutory penalties because Scottsdale acted in bad faith in denying its claim. Scottsdale, on the other hand, contends that it had a good faith basis to contest the coverage and that accordingly, statutory penalties are unwarranted.

Under Louisiana law, insurers owe certain duties to their insureds when adjusting and paying claims. Louisiana Revised Statute 22:1892 provides a penalty for the insurer's failure to pay a claim within thirty days after it has received satisfactory proof of loss if the failure is arbitrary, capricious, or without probable cause. Louisiana Revised Statute 22:1973 provides that an insurer owes a duty of

good faith and fair dealing to an insured and provides a penalty for the insurer's failure to pay a claim within sixty days after receiving satisfactory proof of loss if the failure was arbitrary, capricious, or without probable cause. These two statutes prohibit "virtually identical" conduct, with the primary difference being the time periods allowed for payment. Reed v. State Farm Mut. Auto. Ins. Co., 2003-0107 (La. 10/21/03); 857 So. 2d 1012, 1020 (2003).

Both of these statutory provisions are penal in nature and must be strictly construed. See id. "One who claims entitlement to penalties and attorney fees has the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause." Id. "The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay." Id. at 1021. Of critical importance here, statutory penalties are "inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." Id. Thus, when there is a "reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist." Id.

In <u>Reed</u>, the Louisiana Supreme Court instructed that "arbitrary, capricious, or without probable cause" is synonymous with vexatious. <u>See</u> <u>id.</u> A "'vexatious refusal to pay' means unjustified, without reasonable or probable cause or excuse." <u>Id.</u> The insurer's refusal to pay is not, for instance, based on a good faith defense. <u>See</u> <u>id.</u> The determination of whether an insurer's refusal to pay can be deemed arbitrary, capricious, or without probable cause is primarily a fact question, which is dependent upon the facts known to the insurer at the time of its action. <u>See</u> <u>id.</u> However, in the instant case, the facts are not in dispute,[4] thus allowing the Court to determine whether statutory penalties are available to Logansport.

After a thorough review of the record, the Court finds that the facts of this case support a conclusion that Scottsdale did not act arbitrarily, capriciously, or without probable cause in choosing to investigate and defend against Logansport's claim. Louisiana Revised Statutes 22:1892 and 22:1973 provide for penalties if claims are not paid within thirty or sixty days, respectively, of receipt of satisfactory proof of loss. As the party claiming entitlement to statutory penalties, it is incumbent upon Logansport to demonstrate that Scottsdale "received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause." <u>Reed</u>, 857 So. 2d at 1020. This is a burden that Logansport would

---

[4] The Court is not required to make any credibility determinations or weigh the evidence.

bear at trial. Yet in responding to the motion for summary judgment, Logansport failed to delineate any facts to support this element.

As previously discussed, under Rule 56(c), summary judgment is appropriate when a party has failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Here, Logansport relies on the broad allegations lodged in its counter-claim to convince the Court that it can satisfy La. R.S. §§ 22:1892 and 22:1973. The counter-claim states, "On January 31, 2011, the Counter-Claimants made a claim with Scottsdale and provided Scottsdale with satisfactory proof of loss." Record Document 18, p. 2, ¶ 38. Further, Logansport asserts "Scottsdale made no effort or inquiries of Miletello as to the maintenance or operation of the fire suppression system until the sworn statement on July 14, 2011, more than 60 days after being provided satisfactory proof of loss." Id. at p. 3, ¶ 48. However, the record is wholly devoid of any facts or evidence to support the barebones assertions that Scottsdale actually received satisfactory proof of loss. In opposing a motion for summary judgment, Logansport cannot rely on, and this Court is not bound to accept, unsubstantiated assertions or conclusory allegations. In short, Logansport has failed to satisfy its burden of demonstrating that Scottsdale received satisfactory proof of loss, which is a precedent to an award of statutory penalties.


In addition, the Court finds that Scottsdale had a reasonable basis to question coverage under the policy based on the Protective Safeguards provisions. In this respect, Logansport wholly disregards the law cited in its own pleading that statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. Despite that crucial statement, Logansport asserts, once again in an altogether conclusory fashion, that by focusing exclusively on the fact that the fire suppression system did not work, Scottsdale has acted in bad faith. This Court disagrees.

The briefs filed make it obvious that this is a not a clear cut case, but rather one largely dependent on the interpretation of the pertinent clauses in the Policy and possibly the determination of why the fire suppression system did not operate. In defending this motion and the case in general, Logansport has come forward with nothing to demonstrate that Scottsdale lacked a reasonable basis to investigate and defend against the claim. Rather, Logansport repeatedly argues that the facts show that it had no knowledge that the fire suppression system would not operate and that the Defendants did everything they knew to do to properly maintain the system. Logansport further contends that Scottsdale has no information that "anyone with Logansport had anything to do with the fire suppression system not being in working order at the time of the fire or had any reason to believe it would

not function." Record Document 21, p. 3. However, the significance of these facts is entirely predicated upon Logansport's own legal interpretation of the Policy.[5] While Logansport may ultimately prevail on its interpretation of the Policy language, it is plausible that Scottsdale, instead, will prevail based on its interpretation of the language, which would exclude coverage in the event the fire suppression system was not maintained in complete working order. Although this is not a determination that is before the Court at this time, it does provide Scottsdale with a reasonable basis to defend coverage.

In conclusion, the Court finds that summary judgment is appropriate at this time with respect to Logansport's claims for bad faith penalties pursuant to La. R.S. §§ 1892 and 1973. The Court understands that such a finding would normally be fact dependant, but the germane facts of this case are undisputed, and thus the Court's determination of whether Scottsdale was arbitrary and capricious in its handling of Logansport's claim does not require a credibility determination or a weighing of the evidence. Simply put, Logansport has presented no evidence to show that Scottsdale received satisfactory proof of loss or that it was arbitrary and capricious in failing to tender payment on the claim.

---

[5] Plainly, the Court is not bound to accept as true Logansport's legal conclusions.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Scottsdale's motion for partial summary judgment [Record Document 19] be and is hereby **GRANTED**. Logansport's claims for statutory penalties are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** on this 25th day of September, 2012.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE